# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK M. REYNOLDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV-24-82-R |
| ) | |
| CARRIE BRIDGES, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging his conviction in the District Court of Oklahoma County, Case No. CF-2018-1845. The matter was referred to United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 15] recommending the Petition be dismissed without prejudice for failure to exhaust state court remedies and based on the abstention doctrine set out in *Younger v. Harris*, 402 U.S. 37 (1971). Petitioner filed an objection [Doc. No. 18] and the Court must therefore make a de novo determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect the rights of the prisoner. *See* 28 U.S.C. § 2254(b)(1). "Under this requirement, 'federal district

courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir.2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). When faced with a mixed petition, a district court may do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits. *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Here, Judge Erwin recommends that the Petition be dismissed because it is a mixed petition and the unexhausted claims are currently the subject of an application for post-conviction relief pending in state court. *See Reynolds v. State of Oklahoma,* Case No. PC-2023-1043 (Okla. Ct. Crim. App.). Petitioner does not dispute that he has presented a mixed petition but argues that this action should be stayed, rather than dismissed, while the state court adjudicates his unexhausted claims.[1]

---

[1] Petitioner does not specifically object to the Report's conclusion that the Court should abstain because the application for post-conviction relief is part of an ongoing state criminal prosecution. In *Younger v. Harris,* 402 U.S. 37 (1971), the Supreme Court held that federal courts should not intervene in state criminal proceedings before institution of a federal suit where the state proceedings are (1) ongoing, (2) offer an adequate forum for the defendant's federal claims, and (3) implicate important state interests. *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). District courts have reached different conclusions regarding whether a state post-conviction application is an ongoing proceeding that implicates *Younger. Compare Draper v. Farris*, No. CIV-16-1231-R, 2017 WL 5710465, at *2 (W.D. Okla. Oct. 30, 2017), *report and recommendation adopted*, No. CIV-16-1231-R, 2017 WL 5711408 (W.D. Okla. Nov. 27, 2017) (finding that "[t]he fact that a state post-conviction proceeding is currently pending does not" render a

Generally, the issue of whether to stay a habeas proceeding arises when the petitioner is at risk of losing his opportunity for federal review because the one-year limitations period that governs post-conviction claims is about to expire. *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). This does not appear to be the case here. As explained in Judge Erwin's Report, Petitioner's conviction became final on November 3, 2022 and the one-year deadline to seek habeas relief was therefore set to expire on November 3, 2023. *See* 28 U.S.C. § 2244)d)(1). However, Petitioner's filing of an application for post-conviction relief in state court on July 25, 2023 tolled the limitations period. *Id.* at § 2244(d)(2). Because the limitations period had run for 265 days at the time Petitioner filed his post-conviction application, Petitioner still has in excess of 90 days[2] from the state court's disposition of his post-conviction application to re-file his federal habeas petition.

---

state criminal proceeding "ongoing" under *Younger*); *Odom v. Kaizer*, No. 1:07-CV-019, 2009 WL 2709395, at *2 (D.N.D. Aug. 24, 2009) ("The *Younger* abstention doctrine has no application to the question of whether Odom may proceed in federal court while he seeks post-conviction relief in the state court system."); *Landry v. Tilton*, No. CIVS071311FCDEFBP, 2008 WL 4790495, at *1 (E.D. Cal. Oct. 30, 2008) ("The *Younger* abstention doctrine has no application to the question of whether the petitioner may proceed in federal court while he seeks habeas corpus relief in the California Supreme Court."); with *Mitchell v. Dowling*, No. CIV-20-1202-JD, 2021 WL 4899475, at *3 (W.D. Okla. Sept. 8, 2021), *report and recommendation adopted*, No. CIV-20-01202-JD, 2021 WL 4901557 (W.D. Okla. Oct. 20, 2021) (abstaining under *Younger* because "Petitioner has a post-conviction application currently pending in Oklahoma County District Court that presents the same grounds as those asserted in the instant habeas Petition."). Regardless of whether abstention under *Younger* is warranted, dismissal of this action is appropriate because the Petition contains unexhausted claims. *See Fairchild,* 579 F.3d at 1155.

[2] Judge Erwin determined that the limitations period had run for 295 days at the time Petitioner filed his post-conviction application and he therefore had 70 days remaining. However, based on the conviction becoming final on November 3, 2022, the limitations period had run for 265 days at the time Petitioner filed his July 25, 2023 post-conviction application.

Petitioner does not explain why this is not a sufficient amount of time to seek federal habeas relief.

Because Petitioner has already initiated an application for post-conviction relief in state court and will have sufficient time re-file his federal habeas petition at the conclusion of the state court proceedings, a stay is not warranted in this case. *See Mitchell*, 2021 WL 4899475, at *4 (declining to issue stay and finding that 39 days was sufficient time to re-file habeas petition); *Draper*, 2017 WL 5710465, at *3 (finding that a stay was not warranted because the limitations period was tolled by a pending state post-conviction appeal); *Lucky v. McCullum*, No. CV 15-1033-M, 2015 WL 9437927, at *2 (W.D. Okla. Nov. 4, 2015), *report and recommendation adopted*, No. CIV-15-1033-M, 2015 WL 9451076 (W.D. Okla. Dec. 23, 2015) (dismissing habeas petition as "premature" where petitioner's state post-conviction appeal was still pending).

Accordingly, the Report and Recommendation is ADOPTED and the Petition [Doc. No. 1] is DISMISSED without prejudice. Petitioner's Motion for Leave for Protective Writ of Habeas Corpus [Doc. No. 3], Motion for Leave for Transcripts [Doc. No. 7], and Motion for Appointment of Counsel [Doc. No. 14] are denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects a claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district courts assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a claim on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The standard is not met in this case and a COA is therefore denied.

    IT IS SO ORDERED this 24th day of May, 2024.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE